UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  NO. 3:19-cr-261-KHJ-LGI

LANDON MARQUALE DUPREE

ORDER

Before the Court is Defendant Landon Marquale Dupree's Motion for Compassionate Release. [65]. The United States filed a Response in Opposition [68], and Dupree filed a Reply. [79]. For the reasons below, Dupree's motion is denied.

In February 2021, Dupree pleaded guilty to one count of Possession with the Intent to Distribute 5 grams or more of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Minute Entry of Feb. 10, 2021. Three months later, the Court sentenced Dupree to 189 months of imprisonment, followed by an 8-year term of supervised release, and ordered him to pay a $4,595 in restitution and a $100 special assessment. Minute Entry of May 12, 2021. He is scheduled to be released February 1, 2033.

Four months after his sentencing hearing, Dupree filed a motion for compassionate release given the COVID-19 pandemic. He alleges that his underlying health conditions—asthma, high blood pressure, and Type II diabetes—make him uniquely vulnerable to COVID-19.

While the Court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), it may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." *Id.* § 3582(c)(1)(A). The Court may grant such a request if it finds that "extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

The Court declines Dupree's request for compassionate release even if his underlying health conditions create extraordinary and compelling circumstances because the § 3553(a) factors weigh against release. First, Dupree was convicted of a serious drug crime. Moreover, when approached by law enforcement, he fled and disregarded the safety of law enforcement and the public when he ran stop signs and forced other drivers to leave the roadway. The Court further notes that Dupree has a prior conviction for distributing drugs as well as other crimes over the years.

In sum, given the seriousness of the instant offense, and Dupree's criminal history, the Court finds that the § 3553(a) factors weigh heavily against release. Accordingly, Dupree's Motion for Compassionate Release is denied.

    SO ORDERED this the 21st day of December, 2021.

                                          */s Kristi H. Johnson*
                                          UNITED STATES DISTRICT JUDGE